```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

RANDALL MARTIN, :
 :
       Plaintiff, : NO. 1:08-CV-00301
 :
  v. :
 : **OPINION AND ORDER**
COMMISSIONER OF SOCIAL, :
SECURITY, :
 :
       Defendant. :

This matter is before the Court on the Magistrate Judge's July 14, 2009 Report and Recommendation (doc. 10), Defendant's Objections (doc. 13), and Plaintiff's Response (doc. 14). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, and REMANDS this matter for an immediate award of benefits.

**I. Background**

Plaintiff, who has a history of Chron's disease, hypertension, diabetes, abdominal and epigastric pain, upper and lower extremity weakness, chest pain, and vision problems, filed an application for disability insurance benefits on March 2, 2005, alleging a disability onset date of February 25, 2005 (doc. 10). After Defendant denied his application, Plaintiff requested a hearing before an administrative law judge ("ALJ"), who rejected his applications on July 27, 2007 (Id.). Plaintiff requested review with the Social Security Appeals Council, which denied

further review (Id.).  Plaintiff then appealed to this Court (Id.).

Plaintiff contends the ALJ erred in four respects in denying his application (Id.). First, he asserts the ALJ erred in determining his residual functional capacity ("RFC"), second, the ALJ erred in finding Plaintiff not disabled on the basis of pain, third, the ALJ erred in not finding Plaintiff's eye impairment severe, and fourth, the ALJ erred in determining Plaintiff could work under his RFC (Id.).

In his Report and Recommendation, the Magistrate Judge reviewed the ALJ's findings, the medical evidence in the record, the hearing testimony, and Plaintiff's Statements of Error, concluding that the record clearly establishes disability in this matter (doc. 10). The Magistrate Judge found each of Plaintiff's assignments of error well-taken(Id.). Accordingly, the Magistrate Judge found the record adequately establishes Plaintiff's entitlement to benefits, and because there is no significant evidence to the contrary, this matter should be remanded for an award of benefits (Id. citing Felisky v. Bowen, 35 F.3d 1027, 1041 (6th Cir. 1994); Faucher v. Secretary of HHS, 17 F.3d 171, 176 (6th Cir. 1994)). Defendant filed its Objections on August 13, 2009 (doc. 13), and Plaintiff his Response (doc. 14), so that this matter is now ripe for the Court's review.

**II. Discussion**

The Court reviews this matter de novo because Defendant filed objections to the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b). Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Id. The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

Judicial review of the Commissioner's decision, being that of the ALJ in this case, is limited to determining whether there is substantial evidence in the record to support the factual findings. 42 U.S.C. § 405(g); Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993). The claimant has the burden of proving by sufficient evidence that he is entitled to a period of disability or disability insurance benefits ("DIB"). 20 C.F.R. § 404.1512(a). To show that claimant is

entitled to DIB, he must be under 65 years old, have filed an application for DIB, and be under a disability. 42 U.S.C. § 423(a)(1). The only issue in this case is whether Plaintiff is disabled, as defined in Section 423(d). Plaintiff must show that, during the relevant time period, he suffered impairment expected to last at least twelve months, which rendered him unable to perform either the work previously done by him or any other work considered substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2).

**A. The Magistrate Judge's Report and Recommendation (doc. 10)**

In the Report and Recommendation the Magistrate Judge thoroughly reviewed the medical evidence in the record, including Plaintiff's hearing testimony (doc. 10). The Magistrate Judge then reviewed Plaintiff's three assignments of error, 1) that the ALJ erred in determining Plaintiff's RFC, 2) that the ALJ erred in finding Plaintiff not disabled on the basis of pain, 3) that the ALJ erred in not finding Plaintiff's eye impairment severe, and 4) the ALJ erred in determining that Plaintiff could work under his RFC (Id.).

The Magistrate Judge found that Plaintiff's physical impairments were fully supported by the medical record, particularly by the fact that Plaintiff's treating physician, Dr. Gerke, rendered three disabling opinions in 2005 to 2007 that were all supported by objective medical evidence (Id.). The Magistrate

4

Judge opined that because of the objective medical evidence and Dr. Gerke's long-term treating relationship with Plaintiff, the ALJ should have given his opinions controlling weight (Id.). The Magistrate Judge found the ALJ erred in considering Dr. Gerke's opinions "equivocal," because all three of Dr. Gerke's opinions were consistent in terms of disability, and in any event, the 2007 opinion showed Plaintiff's condition progressively worsening (Id.). Given the persistent elevation of Plaintiff's glucose and HgA1c levels[1] the Magistrate Judge found his diabetes has been uncontrolled since his onset date (Id.). Finally, the Magistrate Judge rejected the ALJ's statement that Dr. Gerke's 2007 RFC was only supported by Plaintiff's subjective pain (Id.). To the contrary, found the Magistrate Judge, such RFC was based on electromyography ("EMG") test results and clinical loss of sensation (Id.). For all of these reasons the Magistrate Judge found the ALJ's RFC unsupported by substantial evidence in the record, and reported that this constitutes reversible error (Id.).

As for Plaintiff's second assignment of error, the Magistrate Judge found that Plaintiff's subjective testimony is supported by medical evidence that satisfies the pain standard, and is therefore sufficient to support a finding of disability (Id.).

---

[1] The Magistrate Judge noted that HgA1c is a form of hemoglobin used primarily to identify the average plasma glucose concentration over prolonged periods of time. The average range for a healthy adult is between 4 and 5.9, while Plaintiff's level ranged from 7.5 to 10.1 since 2006.

5

The Magistrate Judge found the record replete with Plaintiff's complaints of pain, as well as evidence that Dr. Gerke prescribed pain medication including Darvocet, Neurontin, and Hydrocodone (Id.). Accordingly, the Magistrate Judge found the ALJ erred in rejecting Plaintiff's complaints of pain (Id.).

For the third assignment of error, that the ALJ erred in not finding Plaintiff's eye impairment severe, the Magistrate Judge agreed (Id.). The Magistrate Judge noted that Dr. Krug diagnosed macular degeneration, that Plaintiff needed a magnifying glass to read, and his doctor recommended he consider not driving (Id.). The Magistrate Judge concluded Plaintiff's diagnosis supports his claims of visual difficulties and the ALJ failed to substantiate his finding that Plaintiff's visual difficulties were not credible (Id.).

The Magistrate Judge also found well-taken Plaintiff's fourth assignment of error, that the ALJ erred in determining he could work under his RFC (Id.). The Magistrate Judge found the ALJ failed to include all of Plaintiff's restrictions in formulating his hypothetical question to the vocational expert ("VE") (Id.). Specifically, the Magistrate Judge noted the only psychological impairment the ALJ gave to the VE was a limitation against complex instructions, when the record shows Plaintiff had severe psychological pain disorder, moderate difficulties in social functioning and concentration, persistence, and pace, and that

Plaintiff could not interact with the general public or co-workers more than occasionally (Id.). Because the VE never heard all of Plaintiff's psychological RFC impairments from the ALJ, the Magistrate Judge opined that it was improper for the ALJ to rely on the VE's testimony that Plaintiff could perform other work (Id.). In fact, the Magistrate Judge found the VE's testimony showed that with restrictions in interaction with the public and co-workers, the jobs he said Plaintiff could perform would not be ideal (Id.). Finally, the VE testified that none of the jobs he recommended would allow Plaintiff to elevate his feet or take unscheduled breaks, and that he could not miss more than one or one and a half days per month (Id.). The Magistrate Judge concluded that based on the objective medical evidence, Plaintiff would not be able to perform jobs with such restrictions, and the ALJ's finding that Plaintiff could work under his RFC is not supported by substantial evidence (Id.).

Because the Magistrate Judge found that Plaintiff has non-exertional impairments for which there are no jobs Plaintiff could perform, he concluded remand is not an appropriate remedy. Morevover, the Magistrate Judge found proof of disability overwhelming and that remand would serve no other purpose than delay (Id.). Accordingly, the Magistrate Judge recommended the Court reject the Commissioner's nondisability finding as not supported by substantial evidence, reverse such finding, and remand

7

this matter to the ALJ for an immediate award of benefits (Id.).

**B.  Defendant's Objection (doc. 13)**

Defendant objects first by identifying mistatements in the Magistrate Judge's Report and Recommendation that it argues show the Magistrate Judge reached his own conclusions regarding the medical evidence (doc. 13).  Defendant further argues the Magistrate Judge evaluated the ALJ's decision using a wrong legal standard, in finding the ALJ should have given controlling weight to Plaintiff's treating physician, Dr. Gerke (Id.).  Defendant argues the ALJ is only required to give complete deference to a treating physician's opinion where such opinion is well-supported by medically acceptable clinical and diagnostic techniques and is not inconsistent with other substantial evidence (Id.).  In Defendant's view, the record in this case shows opinions from state agency physicians that Plaintiff could perform a range of light work, opinions that are inconsistent with that of Dr. Gerke (Id.). Defendant argues that while the ALJ may not have discussed his reasons for rejecting Dr. Gerke's opinions with "the highest degree of particularity," the ALJ did identify evidence supporting the ALJ's conclusion (Id.).  Defendant contends the ALJ showed that Dr. Gerke's opinion was equivocal and inconsistent, as he showed Dr. Gerke opined in early 2005 that Plaintiff could not sit for prolonged periods, but later in 2005 opined Plaintiff had no limitations with sitting (Id.).  Defendant argues Dr. Gerke made a

conclusory opinion that Plaintiff could not work, while the limitations in one of his assessment forms allowed for some modified work activity (Id.).

As for Plaintiff's subjective complaints of pain, Defendant argues the ALJ's credibility finding is entitled to considerable deference, and argues such determination was grounded in the facts that Plaintiff's neuropathy pain did not result in emergency hospitalizations, and there was no indication he experienced disabling pain (Id.). Defendant argues that besides Plaintiff's allegations at the hearing, there is no evidence he ever complained about medication side effects (Id.). Defendant disagrees with the Magistrate Judge's conclusion that the ALJ's credibility analysis was deficient in requiring evidence of emergency hospitalizations, arguing Plaintiff's treatment history is a valid factor to consider in discounting allegations of disabling pain (Id.).

Defendant next argues that Plaintiff's diagnosis of macular degeneration, alone, is not evidence of a severe impairment (Id.). In Defendant's view, the ALJ reasonably found, based on an April 2007 visual examination, and based on Dr. Gerke's opinion, that Plaintiff had no serious visual limitations (Id.). Moreover, Defendant argues, Plaintiff continued to drive (Id.).

Defendant argues the ALJ's lack of inclusion of all of Plaintiff's restrictions in his hypothetical to the VE was not

error, because there is no authority that such limitations would keep Plaintiff from performing the jobs the VE identified (Id.). Defendant further argues the ALJ did not find all of Plaintiff's limitations credible, and therefore did not have to include them in his hypothetical (Id.). Should the Court disagree, Defendant argues the defect does not mandate an immediate award of benefits, but rather a remand for resolution at the agency level (Id.).

Defendant concludes that the ALJ's decision was supported by substantial evidence, and therefore should not be subject to reversal (Id.). In Defendant's view there is not overwhelming proof of disability and to the extent the ALJ committed any error, the defects require additional fact-finding (Id.).

**C. Plaintiff's Response (doc. 14)**

Plaintiff responds that any mistatements by the Magistrate Judge in his Report and Recommendation were harmless errors that were inconsequential to the overall decision (doc. 14). Plaintiff contends that although the Magistrate Judge noted the wrong doctor made certain findings, the transcript shows another doctor made such findings (Id.).

Plaintiff responds that a close look at the ALJ's decision proves the ALJ rejected Dr. Gerke's opinions only on the basis that he found them equivocal (Id.). Plaintiff reiterates that Dr. Gerke has been his treating physician since 1994, has rendered three disabling opinions, and such opinions were supported

10

by objective medical evidence, including his glucose and HgA1c levels (Id.). Because there was ample evidence to support his treating physician's conclusions, Plaintiff contends the Magistrate Judge properly concluded the ALJ should have accepted Dr. Gerke's opinions as controlling (Id.).

**D. Analysis**

Having reviewed and considered this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 10), and denies Defendant's Objections (doc. 13).

The Court agrees that the record establishes disability in this matter, because the ALJ should have accepted the treating physician's opinion as controlling. Dr. Gerke had an extremely long treatment history with Plaintiff, and his opinion was supported by substantial objective medical evidence including EMG test results, clinical loss of sensation, persistent elevation of Plaintiff's glucose and HgA1c levels, evidence of progressive worsening, and the strong medications prescribed to Plaintiff. Walker v. Sec'y of Health and Human Servs., 980 F.2d 1066 (6th Cir. 1992). The Court further agrees with the Magistrate Judge's conclusions that substantial evidence supports Plaintiff's allegations of disabling pain. Finally, the Court agrees the

11

Magistrate Judge correctly found the ALJ's hypothetical question failed to include all of the restrictions on Plaintiff that should have been presented to the VE. The Court agrees that a finding that Plaintiff could work under his RFC is simply unsupported by substantial evidence.

Under these circumstances, the record adequately establishes Plaintiff's entitlement to benefits and lacks significant evidence to the contrary. Accordingly, this matter should be remanded for an award of benefits. <u>Felisky v. Bowen</u>, 35 F.3d 1027, 1041 (6th Cir. 1994); <u>Newkirk v. Shalala</u>, 25 F.3d 316, 318 (6th Cir. 1994); <u>Faucher v. Secretary of HHS</u>, 17 F.3d 171, 176 (6th Cir. 1994).

**III. Conclusion**

The Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 10), REVERSES this case pursuant to Sentence Four of 42 U.S.C. § 405(g), FINDS the decision of the Commissioner that Plaintiff was not entitled to a period of disability and disability income benefits beginning on February 25, 2005 NOT SUPPORTED BY SUBTANTIAL EVIDENCE, REMANDS this case for an award of benefits, and ORDERS that this case be closed.

SO ORDERED.

Date: September 22, 2009  /s/ S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge